UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JOHN-REIF,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RYAN GRAY, et al.,<br><br>　　　　　Defendants. | Case No. 2:24-cv-1346-DJC-CSK<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 2) |

　　　　Plaintiff Daniel John-Reif is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the Complaint be dismissed without leave to amend.

**I.　　MOTION TO PROCEED IN FORMA PAUPERIS**

　　　　28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

1  assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*,
2  the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient
3  where it alleges that the affiant cannot pay court costs and still afford the necessities of
4  life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis
5  statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some
6  particularity, definiteness and certainty." *Id*. According to the United States Department
7  of Health and Human Services, the current poverty guideline for a household of one (not
8  residing in Alaska or Hawaii) is $15,060.00. *See* U.S. Dpt. Health & Human Service
9  (available at https://aspe.hhs.gov/poverty-guidelines).

10       Here, Plaintiff's IFP application does make the financial showing required by
11  28 U.S.C. § 1915(a). *See* ECF No. 2. However, the Court will recommend Plaintiff's IFP
12  application be denied because the action is facially frivolous and without merit because it
13  is duplicative of an earlier pending action in this district. "'A district court may deny leave
14  to proceed in forma pauperis at the outset if it appears from the face of the proposed
15  complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d
16  1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370
17  (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638
18  (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's
19  request to proceed IFP because it appears from the face of the amended complaint that
20  McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th
21  Cir. 1965) ("It is the duty of the District Court to examine any application for leave to
22  proceed in forma pauperis to determine whether the proposed proceeding has merit and
23  if it appears that the proceeding is without merit, the court is bound to deny a motion
24  seeking leave to proceed in forma pauperis."). Because it appears from the face of
25  Plaintiff's Complaint that this action is frivolous and is without merit as discussed in more
26  detail below, the Court recommends denying Plaintiff's IFP motion.
27  / / /
28  / / /

## II. SCREENING REQUIREMENT

Even if the Court were to grant Plaintiff's IFP application, Plaintiff's Complaint warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80

F.3d 336, 339 (9th Cir. 1996).

## III.  THE COMPLAINT

Plaintiff's Complaint names Defendants "Ryan Gray" a "California state parks and recreation officer"; "Todd Jones" a "California state parks and officer, Sargent"; "Sabrina Buis" a "California State Parks and Recreation Officer"; and "Judge Michael Deems" a "Butte county judge for the State of California." Compl. at 2-3, 7 (ECF No. 1). Plaintiff alleges that on "April 5th at 436 PM in the city of Oroville," Plaintiff was "illegally pulled over by state parks and recreation officer Ryan Gray." *Id*. at 7. Plaintiff appears to be alleging that the traffic stop and subsequent detention were unlawful and violated his constitutional rights. *Id*. at 8-19. Plaintiff further alleges Defendant Judge Michael Deems violated Plaintiff's due process rights in the adjudication of his state court action that Plaintiff identifies as "23CF02390." *Id*. at 19. The Complaint asserts jurisdiction based on federal question and diversity. *Id*. at 4. As to the basis for federal question jurisdiction, Plaintiff alleges the following statutes at issue:

> privacy Act of 1974 (Public law 93-579), an amending law to title 5 U.S.C. per the provisions of 552a. Title 42 U.S.C., section 14141-pattern and practice. Title 18 U.S.C., sec 2425 federally protected activities. Title 18 U.S.C., sec 241-Conspiracy against rights. Title 18, U.S.C., sec 242-dep of rights under color of Law.

*Id.* For relief, Plaintiff seeks "compensation/restitution/punitive damages, in the amount of, twenty four million five thousand seventy dollars ($24,050,071.00)". *Id*. at 23.

## IV.  DISCUSSION

### A.  Duplicative Suits

A district court has broad discretion to control its own docket, including the power to dismiss duplicative claims. *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012). "To determine whether a suit is duplicative, we borrow from the test for claim preclusion." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (*overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)). In assessing whether a suit is duplicative, the court examines whether the causes of action,

the relief sought, and the parties or privies to the action, are the same. *Id*. at 689. To determine whether the causes of action are the same, courts utilize the "transaction test" which requires the application of four factors, the last of which is the most important:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id*. (citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).

On March 29, 2024, Plaintiff initiated an action in this district court, *Daniel John-Reif v. Ryan Gray, et al.*, 2:24-cv-00968-KJM-JDP (E.D. Cal. Mar. 29, 2024) ("*Reif I*"), that is ongoing and currently pending IFP screening. In *Reif I*, Plaintiff names the same Defendants as in this action: "Ryan Gray" a "California state parks and recreation officer"; "Todd Jones" a "California state parks and officer, Sargent"; "Sabrina Buis" a "California State Parks and Recreation Officer"; and "Michael Deems" a "Judge, Butte county California." *Reif I* at Compl. at 2 (ECF No. 1). The instant case and *Reif I* plead identical factual allegations for the unlawful traffic stop that took place "[o]n April 5th at 436 PM in the city of Oroville" and subsequent detention that Plaintiff seeks to contest. *Compare* Compl. at 7-23, *with Reif I* Compl. at 8-24. The instant Complaint and the *Reif I* Complaint are identical. *Id.*

Here, all the factors of the transaction test are satisfied. *See Costantini*, 681 F.2d at 1201-02. In both actions, the parties are identical, and Defendants are the same named defendants as in *Reif I*. *Compare* Compl., *with Reif I,* Compl. Both actions also seek the same relief. *See Reif I*, Compl at 24 ("I am seeking compensation/restitution/ punitive damages, in the amount of, twenty four million five thousand seventy dollars ($24,050,071.00)."). In fact, the complaints in both actions are identical. *Compare* Compl., *with Reif I,* Compl. Because both actions arise out of the same incident and involve substantially the same allegations, the cases arise from the same nucleus of fact and consequently involve substantially the same evidence. *See Costantini*, 681 F.2d at

5

1201-02. This action is therefore duplicative of *Reif I*, an ongoing earlier case in this district, and should be dismissed without leave to amend. *See Lathus*, 56 F.4th at 1243.

### B. Leave to Amend

In considering whether leave to amend should be granted, the Court finds that the Complaint is duplicative of an earlier filed, ongoing lawsuit and leave to amend is not appropriate. *Compare* Compl., *with Reif I* Compl. If Plaintiff seeks to file an amended complaint, he should do so in *Reif I*, his earlier filed case. Because this case is duplicative of the case pending in *Reif I*, No. 2:24-cv-00968-KJM-JDP (E.D. Cal.), the Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

## V. CONCLUSION

Based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;
2. Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 2, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, reif1346.24